**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TARIA BUTLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0558-CVE-PJC |
| ) | |
| **CITY OF TULSA; BILL LAFORTUNE,** ) | |
| Mayor; **DAVE BEEN,** Chief of Police; and ) | |
| **OFFICER JAMES STUMP,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action, commenced by Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*. Plaintiff's claims arise out of an incident which occurred on August 13, 2001, in which Plaintiff was shot in the arm by Tulsa Police Officer James Stump. Presently before the Court are the motions to dismiss/summary judgment filed by Defendants (Dkt. #s 21 and 26), and Plaintiff's motions for default judgment (Dkt. # 29) and to strike documents (Dkt. # 31). Defendants submitted a Special Report as directed by the Court. (Dkt. # 22). Plaintiff also filed a "Special Report" to "support his reply and response to the defendants." (Dkt. # 33).

*A.    Dismissal of Defendant Been*

As an initial matter, the Court notes that Plaintiff states in his brief in support of Plaintiff's claims and response to defendants' brief (Dkt. # 34) that he "wishes to drop the complaint against Chief Been." Id. at 3. Plaintiff's request should be granted and Defendant Dave Been, Chief of Police, shall be dismissed from this lawsuit.

*B.*     *Plaintiff is not entitled to default judgment or to have Defendants' motions stricken*

On January 28, 2005, Plaintiff filed a motion for default judgment (Dkt. # 29) against Defendants City of Tulsa, Bill LaFortune, Dave Been[1] and James Stump, citing Defendants' failure to file a special report in accordance with the Court's Order, and failure to answer or otherwise plead by the deadline established by the Court.

The record indicates that by Order entered October 14, 2004, the Court established a deadline of "sixty days from the date of service" for the filing of Defendants' pleadings, including a Special Report as authorized by <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). <u>See</u> Dkt. # 15. Executed returns of service indicate the defendants were served on November 3, 2004 (Dkt. #s 17, 18, and 19). The Special Report (Dkt. # 22) and Defendant City of Tulsa's motion to dismiss/summary judgment (Dkt. #23) were filed on December 29, 2004, well before the deadline. The attorney for Defendants LaFortune, Stump and Been filed an entry of appearance (Dkt. # 27) and motion to dismiss/motion for summary judgment (Dkt. # 26) on January 20, 2005, or a little more than two (2) weeks beyond the deadline.[2]

Default judgments are not favored in the law and may be set aside for good cause. In this case, the Court finds no evidence suggesting that Defendants LaFortune, Stump and Been intentionally delayed these proceedings and Plaintiff has failed to establish that he was prejudiced

---

[1]   As noted above, Plaintiff has subsequently requested this Court to dismiss Defendant Been. The Court has granted this request.

[2]   The Court previously noted that arguments were presented on behalf of Defendants Stump and Been in the motion to dismiss/summary judgment filed by the City of Tulsa on December 29, 2004, but no entry of appearance or other pleading had been filed on behalf of Defendants Stump, LaFortune and Been. <u>See</u> Order entered January, 18, 2005 (Dkt. # 24).

by the relatively short delay.[3] As a result, the Court finds Plaintiff is not entitled to default judgment on the grounds that Defendants Stump, LaFortune and Been filed their initial pleadings late.

Plaintiff also asserts that the special report submitted by Defendant City of Tulsa (Dkt. # 22) is incomplete and does not comply with this Court's Order. Arguing the merits of his claims, Plaintiff concludes that "this Honorable Court should award him the whole amount of damages" because the Defendants did not comply with this Court's rules or the rules of Civil Procedure. (Dkt. # 29 at 4). Plaintiff's arguments do not support his request for a summary disposition of his claims. His motion to enter default judgment against the defendants and motion for judgment in his favor (Dkt. # 29) shall be denied. Additionally, his motion to strike all defendants' motions to dismiss/summary judgment (Dkt. # 31) shall be denied.

## C.    *Statute of Limitations*

The Defendants assert that Plaintiff's claims are barred by the statute of limitations and must be dismissed. See Dkt. #s 21, 26. No statute of limitations is expressly provided for claims under § 1983, but the Supreme Court has held that a court must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir.

---

[3]     Plaintiff's claim that his strategy and defense was "upset, hindered and somewhat nullified" by the Court's note in the January 18, 2005, Order (Dkt. # 24), simply indicates that he would have preferred to have obtained a default judgment against the defendants rather than a decision on the merits of his claims. See Dkt. #29 at 3.

1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988)); see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a *pro se* prisoner's notice of appeal is "filed" at the moment of delivery to prison authorities for forwarding to the district court. The Supreme Court's reasoning has been extended to the filing of civil complaints by *pro se* prisoners by several courts. See, e.g., Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999); Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995); Garvey v. Vaughn, 993 F.2de 776, 783 (11th Cir 1993); Faile v. Upjohn Co., 988 F.2d 985, 987-88 (9th Cir. 1993); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991).

In the instant case, the events giving rise to Plaintiff's claims occurred on August 13, 2001. Thus, Plaintiff had two (2) years from August 13, 2001, or until August 13, 2003, to file his civil rights complaint. Although Plaintiff's complaint was not received for filing by the Clerk of Court until August 18, 2003 (Dkt. # 1), or five (5) days beyond the deadline, Plaintiff asserts that he gave the complaint to prison officials for filing on August 12, 2003, which would be timely under the prison "mailbox rule." See Dkt. # 34 at 3, and Dkt. # 35.

The Court finds that the Houston v. Lack "mailbox rule" for filings by prisoners should apply in this case. However, the supporting documentation provided by Plaintiff consists of two copies of an "Inmate's Request for Disbursement of Legal Costs" attached as exhibits to his brief in

4

support of his claims. Id. Those attachments do not indicate the date the complaint was delivered to prison officials for forwarding to this Court, but appear instead to be requests for withdrawal of funds from his prison account for copying and mailing expenses. Without further evidence of the date of delivery of the complaint to prison officials, the Court is unable to determine whether Plaintiff's complaint was filed within the two (2) year limitations period. Accordingly, Defendants shall provide, within fifteen (15) days of the entry of this order, a copy of appropriate prison mail log(s) as well as any other evidence demonstrating the date prison officials received Plaintiff's complaint for mailing. Defendants shall append the requested information to a brief discussing the legal significance of the information. Plaintiff may file a response to Defendants' brief within fifteen (15) days of receipt of the brief.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's request to dismiss defendant Been (See Response, Dkt. # 34) is **granted**. All claims against Defendant Dave Been, Chief of Police, are **dismissed without prejudice**.

2. Defendants shall provide, within fifteen (15) days of the entry of this Order, a copy of appropriate prison mail log(s) as well as any other evidence demonstrating the date prison officials received Plaintiff's complaint for mailing. Defendants shall append the requested information to a brief discussing the legal significance of the information. Plaintiff may file a response to Defendants' brief within fifteen (15) days of receipt of the brief.

3. Plaintiff's motion for default judgment (Dkt. # 29) and motion to strike documents (Dkt. # 31) are **denied**.

**IT IS SO ORDERED** this 17th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5